IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00015-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSEPH GAYE,

        Defendant.

## UNOPPOSED MOTION FOR 50-DAY ENDS OF JUSTICE CONTINUANCE AND EXTENSION OF RELEVANT DEADLINES

The defendant, Joseph Gaye ("Mr. Gaye"), by and through undersigned counsel, David E. Johnson, hereby moves this Honorable Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 50-day ends of justice continuance, requesting that trial be set for the week of June 21, and for an extension of the deadline to file pretrial motions. As grounds therefore, he states as follows:

1.    On February 2, 2021, a one-count indictment was filed, alleging that on October 19, 2020, Mr. Gaye violated 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Doc. 1. Mr. Gaye has pled not guilty, and was released on bond. *See* Doc. 10.

2.    The current 70-day Speedy Trial Act date is May 3, 2021. *See* Doc. 13 at 8. Pretrial motions were due by March 26, 2021; the Trial Preparation Conference is set for April 27, 2021, and trial is currently set to begin on May 3, 2021. *See* Doc.15.

3.    In order to effectively represent Mr. Gaye, undersigned counsel believes it is necessary to continue the currently set dates in this case.

4. Specifically, Mr. Gaye requests a 50-day exclusion of time from the Speedy Trial Act and a corresponding extension of the relevant dates, including an extension of the pretrial motions deadline. With such a 50-day exclusion, the 70-day date would be extended to June 22, 2021, and it is requested that the trial be set the week of June 21, 2021.

5. Undersigned counsel has conferred with Assistant United States Attorney Mr. Thomas Minser who expressed he has no objection to the instant motion.

6. The facts of this case, the necessary investigation, and the evidence/discovery provided to date in this case present potential complicated factual and legal issues requiring additional time, research and fact investigation.

7. As of this filing, undersigned counsel has not had the opportunity to fully evaluate the discovery and evidence in this case. The discovery provided to date consists of approximately 611 pages and approximately 10 audio/visual files. Undersigned counsel has reviewed much of the discovery, but additional time is needed to finalize that review. Based on counsel's review, counsel has made additional discovery requests from the government. The review of discovery is ongoing.

8. Moreover, in reviewing the discovery that has been disclosed to date, undersigned counsel needs additional time to research potential legal issues that relate to both pre-trial motions and/or potential trial defenses and strategy. Counsel has identified possible legal and factual issues that need to be perused. However, additional time is needed to ensure complete factual investigation and legal research.

9. The current pandemic has complicated counsel's ability to prepare the case and its defense. Despite diligence, counsel has not yet been able to complete

several tasks. These tasks include arranging an in-person view of the evidence and firearm at issue in this case, or a scene view of where the alleged incident occurred. These tasks remain outstanding.

10. Similarly, counsel's communication with Mr. Gaye has been complicated by the pandemic. Counsel has been unable to have any in-person visits with Mr. Gaye. It is anticipated that that situation is likely to change in mid-to-late April 2021.

11. In light of the above, counsel believes 50 days should be excluded from the computation of the Speedy Trial Act clock. Counsel does not believe he will be able to effectively represent Mr. Gaye under the currently set deadlines and dates.

12. Among the factors, applicable here, which the court is to consider in determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are:

    a. Whether the failure to grant the continuance would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). The defense believes this would be the case here.

    b. Whether the case is so unusual due to the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). The defense again believes this is the case, given the facts of this case, which involve Mr. Gaye being shot and a later execution of a search warrant at that location.

    c. This Court may also consider whether the failure to grant a continuance in a case which is otherwise not unusual or complex would deny the Defendant the reasonable time necessary for effective preparation, taking into

consideration the exercise of due diligence.  The defense believes again, this is the case. 18 U.S.C. § 3161(h)(7)(B)(iv).

       13.     In support of this motion Mr. Gaye addresses the factors articulated in *United States v. West,* 828 F.2d 1468, 1469-70 (10th Cir. 1987).  This outline of factors is consistent with the discussion concerning the adequacy of the record in an ends-of-justice continuance context found in *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams,* 511 F.3d 1044 (10th Cir. 2007):

> In *West* the 10th Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable.  These factors include the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

Applying the *West* factors Mr. Gaye states as follows:

       a.     Counsel has exercised diligence. Counsel has reviewed much of the discovery.  Upon review of the discovery, counsel contacted the government about additional discovery requests.  Counsel has also communicated with government counsel about the case, including receipt of a proposed plea disposition.  Counsel has also had telephone conversations with Mr. Gaye.  And counsel has begun research and investigation into the case, including researching the possibility of pretrial motions and investigating defense strategy.  In essence, counsel has worked to begin a review of the discovery provided to date; he has communicated with government counsel about additional discovery; the parties have discussed the case and a proposed plea

disposition; counsel has communicated with Mr. Gaye; and counsel has begun his investigation and research into this case. Nevertheless, additional time is needed to effectively represent Mr. Gaye. Simply stated, despite the diligent efforts that have already gone into Mr. Gaye's case, additional time will be required to effectively represent him in these proceedings, including at trial, if trial is necessary, or to help him knowingly and intelligently decide to enter into a plea agreement.

      b.    If this continuance is granted counsel will have additional time to complete the stated tasks. Counsel also believes a continuance will allow for counsel and Mr. Gaye to have more productive meetings in person beginning in mid-to-late April. The continuance, if granted, would accomplish the purpose underlying Mr. Gaye's need for the continuance.

      c.    The government does not object to the defense request of a continuance of the trial and there is no information suggesting that any government witnesses would be inconvenienced. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance.

      d.    The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Undersigned counsel needs additional time to complete a review of discovery, investigate the case, conduct an in-person evidence view, conduct a scene view, conduct legal research into pretrial motions, and confer with Mr. Gaye in-person. Without the exclusion of a period of time from the speedy trial calculations, Mr. Gaye's right to be fairly and effectively represented in these proceedings will be seriously jeopardized.

Case 1:21-cr-00015-WJM   Document 17   Filed 03/29/21   USDC Colorado   Page 6 of 7

14. Undersigned counsel believes that the ends of justice are best served by the granting of such continuance and such interest outweighs the best interest of the public and Mr. Gaye's in a speedy trial.

WHEREFORE, Mr. Gaye requests that this unopposed motion be granted, and the Court enter an order extending the pretrial motions deadline, and excluding 50 days in the computation of time within which the trial in this case must commence under the Speedy Trial Act, 18 U.S.C. § 3161, *et al.*, thereby continuing trial in this case to the week of June 21, 2021.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ David E. Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
David_johnson@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2021, I filed the foregoing *Unopposed Motion for 50-Day Ends of Justice Continuance and Extension of Relevant Deadlines* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Thomas J. Minser, Assistant United States Attorney
E-mail:  Thomas.Minser@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Joseph Gaye (via U.S. mail)

s/ David E, Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
David_johnson@fd.org
Attorney for Defendant

7