IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action Number 21-cr-15-WJM

---

UNTITED STATES OF AMERICA,

    Plaintiff,

vs.

JOSEPH GAYE,

    Defendant,

---

**UNAPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE**

_____

Mr. Gaye, through undersigned counsel, respectfully requests this Court continue the June 21, 2021, trial date and exclude 90 days from the Speedy Trial Act computations. As grounds Mr. Gaye states as follows:

1.    Mr. Gaye is charged in a one count indictment alleging a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a gun) and 21 U.S.C. § 856(a)(1) and (b)(maintaining a premises for manufacturing marijuana). The indictment was filed on February 2, 2021.

2.    On February 23, 2021 Mr. Gaye entered a plea of not guilty. The case originally set for trial on May 3rd, 2021, but a ends of justice continuance was granted on April 6, 2021. The matter is currently set for trial June 21, 2021.

3. On May 26, 2021 the Court granted a motion to withdraw by prior counsel. Current counsel, Joshua Tolini, entered his appearance on May 28, 2021.

4. Mr. Gaye is currently on supervised pretrial release and has been compliant with all the conditions the Court has imposed.

5. As the Tenth Circuit has stated "[t]he Act also explains that in granting an ends of justice continuance, the court must consider certain factors, including (1) whether the failure to grant the continuance would "result in a miscarriage of justice," 18 U.S.C. § 3161(h)(7)(B)(i); (2) whether due to the nature of the case (or other factors, including the number of defendants) the case is too complex to reasonably expect adequate preparation within the time limits, 18 U.S.C. § 3161(h)(7)(B)(ii); or (3) whether a refusal to continue the case would deny the defendant "reasonable time to obtain counsel" or would unreasonably deny either party "the reasonable time necessary for effective preparation," 18 U.S.C. § 3161(h)(7)(B)(iv)." United States v. Madkins, 866 F.3d 1136, 1139–40 (10th Cir. 2017).

6. The factors outlined in the Act and by the 10th Circuit clearly favor the granting of a continuance. First counsel would note he has only had the over 600 pages of discovery for a little more than a week. Second, counsel was able to meet for the first time with Mr. Gaye yesterday. Based upon the meeting there appears to be a significant amount of investigation to be conducted.

7. Forcing Mr. Gaye to trial without proper investigation of the case by defense counsel would amount to a miscarriage of justice. "The duty to investigate derives from counsel's basic function, which is to make the adversarial testing process work in the particular case." Williamson v. Ward, 110 F.3d 1508, 1514 (10th Cir. 1997)(internal quotes omitted).

8.      Counsel has consulted with US Attorney Thomas Minser regarding the motion to continue the trial.  Mr. Minser is in agreement regarding the need for a continuance.

9.      Counsel has discussed the motion to continue with Mr. Joseph Gaye and he has consented to the filing of the motion and the requested relief.

Wherefore, Mr. Gaye respectfully requests this Court to Continue the June 21, 2021 trial date.  Counsel also requests that the 90 days be excluded from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted June 10, 2021

                                        BARKER & TOLINI, P.C.

                                      __s\ Joshua Tolini_____
                                      Joshua N. Tolini, No. 30119
                                      720 S. Tejon
                                      Colorado Springs, Colorado 80903
                                      (719) 227-0230
                                      (719) 227-0964 Fax

### CERTIFICATE OF MAIILING

I hereby certify that a copy of the foregoing was filed using the court's ECF system on June 10, 2021

                                          s/ Joshua Tolini