IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action Number 21-cr-15-WJM

_____

UNTITED STATES OF AMERICA,

      Plaintiff,

vs.

JOSEPH GAYE,

      Defendant,

_____

## MOTION TO SUPPRESS EVIDENCE

_____

      PLEASE TAKE NOTICE THAT THE DEFENDANT, Joseph Gaye, by and through counsel Joshua Tolini, of Barker and Tolini P.C. hereby moves to suppress, any incriminatory evidence in this or any other proceeding, seized by law enforcement officers on the date of October 19, 2020 relating to Mr. Gaye⌀s arrest for the criminal offense of UNLAWFUL POSSESSION OF A FIREARM BY A CONVICTED FELON, as charged in the above-captioned action.

      1.     On October 19, 2020, the Denver Police Department were called to reported shooting at 199 North Cook Street, Denver, CO.

      2.     Upon arrival officers proceed to unit #204 where they found Joseph Gaye suffering from an apparent gunshot wound to his testicle and thigh.

      3.     After Mr. Gaye was transported by EMT⌀s to the hospital, Corporal Clayborn of the Denver Police Department, conducted a search of the unit and noticed a shell casing on the desk, blood on the chair, a laptop computer, and a lack of evidence of an intruder or outside protectory.

      4.     Subsequently, Detective Brian Lange, of the Denver Police Department, applied for a search warrant for 199 North Cook Street Unit #204.

5.      The warrant requested and was granted permission to search for the following:

- Any material evidence developed by a thorough crime scene investigation such as still and video photographing, measuring, other personal property of the victim, trace material of every kind such as clothing, fiber, hair, body fluids, and latent prints and objects on which they are found, documentary evidence tending to establish the motive or identity of any suspect or witness
- Articles of personal property tending to establish the identity of the person(s) in control or possession of the items seized, such as utility company receipts, rent receipts, canceled mail envelopes, vehicle registration, credit card receipts, repair bills, photographs, keys and articles of clothing.
- Any and All Firearms and Firearm components – including handguns, rifles, accessories, and/or simulated firearms
- Any and All Firearm Ammunition, - including live ammunition, expended projectiles, and/or expended shell-casings.
- Laptop computer

6.      The Search Warrant specifically incorporated the Affidavit that was provided in Support of the Search Warrant.  The last sentence of the Affidavit "requests this search warrant in order to collect the above described evidence **along with additional evidence that may be present but not readily visible in order to further this investigation."**

7.      Nowhere in the Affidavit nor in the Search Warrant is the crime being investigated identified.

8.      After Mr. Gaye was transported to the hospital, the Officer Kennedy recovered a bullet that had been removed from Mr. Gaye's thigh.  Officer Kennedy did not have a warrant authorizing the seizure of the bullet.

A. The Search by Corporal Clayborn exceeded the Scope of the Emergency Exception

9.      While the initial entry into the residence at 199 North Cook Street was justified under the emergency exception to the warrant requirement, Corporal Clayborn's subsequent search exceed the scope of the exception.  Once Mr. Gaye was transported by the EMT's the emergency had ended, and Corporal Clayborn had a duty to leave 199 North Cook Street. "[A] warrantless search must be "strictly circumscribed by the exigencies which justify its initiation." Mincey v. Arizona, 437 U.S. 385, 393, 98 S. Ct. 2408, 2413, 57 L. Ed. 2d 290 (1978)

B.  The Search Warrant Violated the Particularity Requirement – General Warrant

10.      The United States and Colorado Constitutions both establish the right to be free from unreasonable searches and seizures.  People v. Hopkins, 870 P.2d 478, 480 (Colo. 1994) (citing U.S. Const. amend. IV; Colo. Const. art. II, § 7). To effectuate this right, both constitutions require that a search warrant must particularly describe the objects to be seized.

U.S. Const. amend. IV; Colo. Const. art. II, § 7. öThe particularity requirement serves to ‐prevent general searches.öö People v. Staton, 924 P.2d 127, 131 (Colo. 1996) (citing Maryland v. Garrison, 480 U.S. 79, 84 (1987)). It ensures that the search öwill not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit,ö Garrison, 480 U.S. at 84, and öprevents the seizure of one thing under a warrant describing another.  As to what is to be taken, nothing is left to the discretion of the officer executing the warrant,ö Marron v. United States, 275 U.S. 192, 196 (1927); People v. Lindholm, 197 Colo. 270, 274 (1979); People v. Hart, 718 P.2d 538, 540 (Colo. 1986); see, People v. Hagos, 250 P.3d 596, 616 (Colo. App. 2009) ("The purpose of [the] particularity requirement is to prevent the use of general warrants authorizing wide-ranging, rummaging searches in violation of the Constitution's proscription against unreasonable searches and seizures.").

    11.    A general warrant is "[a] warrant that gives a law-enforcement officer broad authority to search and seize unspecified places or persons; a search or arrest warrant that lacks a sufficiently particularized description of the person or thing to be seized or the place to be searched." People v. King, 16 P.3d 807, 813 n.6 (Colo. 2001).  The purpose of this particularity requirement is to prevent the use of general warrants authorizing wide-ranging, rummaging searches in violation of the Constitution's proscription against unreasonable searches and seizures.  People v. Hagos, 250 P.3d 596, 616 (Colo. App. 2009), as modified on denial of reh'g (Feb. 18, 2010)

    12.    As the Courts have previously explained, öthe fourth amendment requires that the government describe the items to be seized with as much specificity as the government's knowledge and circumstances allow, and warrants are conclusively invalidated by their substantial failure to specify as nearly as possible the distinguishing characteristics of the goods to be seized.ö United States v. Leary, 846 F.2d 592, 600 (10th Cir.1988) (internal quotation marks omitted).[2] Thus, the öparticularity requirementö prevents general searches and strictly limits the discretion of the officer executing the warrant. See Voss v. Bergsgaard, 774 F.2d 402, 404 (10th Cir.1985) (öThe particularity requirement ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause.ö); see also United States v. Janus Indus., 48 F.3d 1548, 1553 (10th Cir.1995) (öAs to what is to be taken, nothing is left to the discretion of the officer executing the warrant.ö (quoting Stanford v. Texas, 379 U.S. 476, 485, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965))).

    13    The warrant here is similar to the warrant in Cassady v. Goering, 567 F.3d 628, 635-37 (10th Cir. 2009).  In Cassidy evidence was suppressed and the executing officers were held civilly liable primarily due to the fact the warrant öthe warrant expressly permitted the search and seizure of öall other evidence of criminal activity.ö  Here the first paragraph of the Search Warrant allows the seizure of öAny material evidenceö but similar to Cassidy, it fails to identify what crime the evidence would relate to.  The last paragraph of the Affidavit expands even past the scope of Cassidy, to search for additional evidence that may be present but not readily visible to further investigation into this unknown crime.

    14.    Failure to state the crime allows officers to a general rummaging to search for any evidence of any crime. öHence, the warrant did not confine the scope of the search to any particular crime. The officers only had probable cause to search for evidence related to marijuana

cultivation, yet the warrant authorized the seizure of *all* possible evidence of *any* crime in *any* jurisdiction." Cassady v. Goering, 567 F.3d 628, 635-37 (10th Cir. 2009); United States v. Suggs, 998 F.3d 1125, 1134 (10th Cir. 2021).

15.    Warrants of this kind allow "precisely the kind of rummaging through a person's belongings, in search of evidence of even previously unsuspected crimes or of no crime at all, that the fourth amendment proscribes." Voss v. Bergsgaard, 774 F.2d 402, 405 (10th Cir.1985).

16.    Thus, because the warrant authorizes a general search, it is invalid.

17.    In Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), the Supreme Court rejected the argument that a lawfully conducted search could be reasonable under the Fourth Amendment despite an invalid warrant. "We have clearly stated that the presumptive rule against warrantless searches applies with equal force to searches whose only defect is a lack of particularity in the warrant.... The uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." *Id.* at 559-60, 124 S.Ct. 1284. (internal quotation marks and citations omitted).

C. Seizure of the Bullet

18.    According to the property invoice, Officer Kennedy recovered a metal object from the left thigh of Mr. Gaye.  Officer Kennedy did not have a warrant when he recovered the metal object. The underlying premise of the Fourth Amendment is that warrantless searches and seizures are *per se* unreasonable except for a few narrowly defined exceptions. Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971).

Mr. Gaye requests a hearing regarding this matter.

Mr. Gaye makes this demand, and all other motions and objections in this case, whether or not specifically noted at the time of making the motion or objection, on the following grounds and authorities: federal and state constitutional rights to bail, due process, to defend life, to the equal administration of justice, trial by jury, right to counsel, equal protection, cruel and unusual punishment, confrontation, compulsory process, right to remain silent, privileges and immunities, and right to appeal clauses of the federal and Colorado Constitution, United States v. Bagley, 473 U.S. 667 (1985), Smith v. Cain, 132 S. Ct. 627, 630 (2012), Giglio v. United States, 405 U.S. 150 (1972), and Kyles v. Whitley, 514 U.S. 419 (1995).

BARKER & TOLINI, P.C.


 s\ Joshua Tolini
Joshua N. Tolini, No. 30119
720 S. Tejon
Colorado Springs, Colorado 80903
(719) 227-0230
(719) 227-0964 Fax


## CERTIFICATE OF MAIILING

I hereby certify that a copy of the foregoing was filed using the courts ECF system on August 30, 2021


 s/ Joshua Tolini