IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action Number 21-cr-15-WJM

---

UNTITED STATES OF AMERICA,

    Plaintiff,

vs.

JOSEPH GAYE,

    Defendant,

---

## UNAPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE

_____

    Mr. Gaye, through undersigned counsel, respectfully requests this Court in setting the above matter for trial to exclude 90 days from the Speedy Trial Act computations. As grounds Mr. Gaye states as follows:

    1.    Mr. Gaye is charged in a one count indictment alleging a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a gun) and 21 U.S.C. § 856(a)(1) and (b)(maintaining a premises for manufacturing marijuana). The indictment was filed on February 2, 2021.

    2.    On February 23, 2021 Mr. Gaye entered a plea of not guilty. The case originally set for trial on May 3rd, 2021, but a ends of justice continuance was granted on April 6, 2021 and June 10, 2021 due primarily to a change in counsel. The matter was reset for September 27, 2021.

3. On September 1, 2021 this Honorable Court vacated the trial in order to determine Mr. Gaye's Motion to Suppress Evidence. The motion was denied on November 12, 2021. An additional Ends of Justice Continuance was Granted on November 15, 2021 and the trial was reset for March 7, 2022.

4. Mr. Gaye is currently on supervised pretrial release and has been compliant with all the conditions the Court has imposed.

5. As the Tenth Circuit has stated "[t]he Act also explains that in granting an ends of justice continuance, the court must consider certain factors, including (1) whether the failure to grant the continuance would "result in a miscarriage of justice," 18 U.S.C. § 3161(h)(7)(B)(i); (2) whether due to the nature of the case (or other factors, including the number of defendants) the case is too complex to reasonably expect adequate preparation within the time limits, 18 U.S.C. § 3161(h)(7)(B)(ii); or (3) whether a refusal to continue the case would deny the defendant "reasonable time to obtain counsel" or would unreasonably deny either party "the reasonable time necessary for effective preparation," 18 U.S.C. § 3161(h)(7)(B)(iv)." United States v. Madkins, 866 F.3d 1136, 1139–40 (10th Cir. 2017).

6. Defense counsel is still trying to locate a material witness for Mr. Gaye's defense. Counsel has made some progress on locating this witness but has yet to be able to interview them. Further Mr. is set to start a 90 day work release sentence in Larimar, Colorado on March 8, 2022.

7. Forcing Mr. Gaye to trial without proper investigation of the case by defense counsel would amount to a miscarriage of justice. "The duty to investigate derives from counsel's basic function, which is to make the adversarial testing process work in the particular case." Williamson v. Ward, 110 F.3d 1508, 1514 (10th Cir. 1997)(internal quotes omitted).

8.   Counsel has consulted with US Attorney Thomas Minser regarding the motion to continue the trial.  Mr. Minser has no position in regards to the Motion to Continue.

9.   Counsel has discussed the motion to continue with Mr. Joseph Gaye and he has consented to the filing of the motion and the requested relief.

Wherefore, Mr. Gaye respectfully requests that 90 days be excluded from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted February 9, 2022

BARKER & TOLINI, P.C.

__s\ Joshua Tolini_____
Joshua N. Tolini, No. 30119
115 E. Costilla
Colorado Springs, Colorado 80903
(719) 227-0230
(719) 227-0964 Fax

CERTIFICATE OF MAIILING

I hereby certify that a copy of the foregoing was filed using the court's ECF system on February 9, 2022

 s/ Joshua Tolini