IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:21-cr-15-WJM

UNITED STATES OF AMERICA,

  Plaintiff,

v.

JOSEPH GAYE,

  Defendant.

---

**UNOPPOSED MOTION TO EXCLUDE 60 DAYS FROM THE SPEEDY TRIAL CALCULATION AND
CONTINUE ALL DEADLINES**

---

Defendant Joseph Gaye, through undersigned counsel and unopposed by the Government, moves the Court to vacate the current trial date of May 23, 2022, exclude 60 days under the Speedy Trial Act, and continue notice, disclosure, and motions filing deadlines for 60 days from the current deadlines. In support, counsel states:

## I. INTRODUCTION

1.    Mr. Gaye is charged in a one-count indictment essentially alleging that he unlawfully possessed a firearm in violation of 18 U.S.C. § 922(g)(1). ECF

No. 1 (Indictment).

  2.  Mr. Gaye was arrested on February 22, 2021 (ECF NO. 4) and released with unsecured bond and conditions on February 23, 2021 (ECF Nos. 11, 12). Upon information and belief, he is compliant with his conditions of release and currently participating in a work release program in Larimer County, Colorado.

  3.  The Court's "Order Resetting Trial Date and Related Deadlines" (ECF No. 45) indicates the following due dates and settings:

| | |
|---|---|
| Expert Witness disclosure is | May 3, 2022; |
| Notice of Disposition is | May 9, 2022; |
| Final Pretrial Conference is | May 17, 2022; and |
| Jury trial is | May 23, 2022. |

  4.  On May 2, 2022, a hearing was held regarding previous court-appointed counsel's "Motion to Withdraw as Attorney" (ECF No. 46): The motion was granted. (ECF No. 54). The Magistrate ordered that substitute counsel be appointed to represent Mr. Gaye and undersigned counsel entered his appearance in the case on May 3, 2022. (ECF Nos. 55, 56).

  5.  As of the filing of this motion, undersigned counsel has communicated with opposing counsel, Mr. Gaye's pretrial officer, prior appointed

counsel, and Mr. Gaye (by electronic mail only), in an effort to understand the status of the case. Undersigned counsel has not been able to meet in person or privately with Mr. Gaye because he is in a work study program in Larimer County and travel arrangements need to be made to visit with him when he is available for a legal consultation. Undersigned counsel has requested discovery and the Government has agreed to provided it.

6. Undersigned counsel has conferred with the Government regarding the relief requested by this motion, the Government is not opposed to a 60-to-90-day continuance of all due dates and settings.

7. Undersigned counsel has communicated with Mr. Gaye regarding the need for a continuance. Mr. Gaye does not object to the requested continuance.

## II. RELEVANT LAW RELATED TO THE REQUESTED CONTINUANCE

8. In computing the time within which trial must commence under the Speedy Trial Act, this Court is permitted to exclude time for the following:

- "Any period of delay resulting from a continuance by … the defendant or his counsel … if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay … shall be excludable under this subsection unless the court sets forth, in the record of the case, … its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7).

### III. ARGUMENT

9. Mr. Gaye seeks an ends-of-justice continuance to permit undersigned counsel sufficient time to (1) consult with Mr. Gaye regarding the facts and relevant legal issues, (2) review discovery, (3) independently investigate legal and factual issues, and (4) consult with Mr. Gaye regarding his trial and non-trial options, more specifically stating as follows.

- The May 23, 2022 trial date and earlier due dates for expert witness designation and notice of disposition do not afford undersigned counsel sufficient time to consult with Mr. Gaye, complete an independent review of discovery and an independent investigation of the legal and factual issues relevant to the case. Mr. Gaye is currently in a work release program in Larimer County. Undersigned counsel is making efforts to personally meet with Mr. Gaye but has not yet been able to privately consult with Mr. Gaye regarding the facts of the case. The scope of independent investigation required, therefore, is currently unknown. Federal Rule of Criminal Procedure 16 Discovery has been requested but not yet been received. Undersigned counsel is unable, therefore, to estimate the time need to complete a review of

the discovery or to conduct further investigation resulting from a review of the discovery.

- The May 23, 2022 trial date will not provide undersigned counsel enough time to review the Government's expert reports and, if needed, solicit court permission to hire and consult with independent experts. A review of the pleadings in the case indicates that a physician and/or firearms expert are likely to be opinion witnesses for the Government. It's possible, though unknown at this time, that defense experts in these fields will be needed for consultation and or testimony.

- The May 23, 2022 trial date does not afford undersigned counsel sufficient time to conduct a careful review of the discovery material; research legal issues, if any, raised by the allegation and evidence; review the options for trial or non-trial resolution of the case; and to consult with Mr. Gaye regarding the potential legal and factual issues raised by the charges as well as the consequences of his decision to persist in his plea of not guilty or seek a compromised resolution through a change of plea.

9. This request is not made for the purpose of delay or to gain unfair

advantage, it is made solely so that justice may be done.

## IV. CONCLUSION

Mr. Gaye prays the Court find that the ends of justice are served by granting this request for a continuance for the stated reasons and the Court vacate the current trial date, disclosure and motions deadlines, and continue all settings for no less than 60 days.

Respectfully submitted,

John Parras Law Office


s/ John Parras
John Parras

PO BOX 202647
Denver, CO 80220
(303) 600-3676
jparras@mac.com

## CERTIFICATE OF CONFERENCE

I certify that I consulted with Assistant United States Attorney Thomas Minser who stated that the Government is **unopposed** to the requested continuance.

s/ John Parras
John Parras

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, the following was served with a true and correct copy of the foregoing **UNOPPOSED MOTION TO EXCLUDE 60 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE ALL DEADLINES** as indicated:

1. Mr. Thomas Minser, Assistant United States Attorney,
   by CM/ECF filing and electronic mail to Thomas.Minser@usdoj.gov.

s/ John Parras
John Parras