# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No.  1:21-cr-00015-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JOSEPH GAYE,

    Defendant.

---

## STIPULATED JURY INSTRUCTIONS

---

The United States of America (Government) by United States Attorney Cole Finegan, and the undersigned Assistant United States Attorney, after conferring with the defense, respectfully submits the following stipulated jury instructions.[1]

                          Respectfully submitted,

                          COLE FINEGAN
                          United States Attorney

By:   *s/ Thomas Minser*
      THOMAS MINSER
      Assistant United States Attorneys
      1801 California St., Suite 1600
      Denver, Colorado 80202
      Phone:  (303) 454-0203
      Fax:  (303) 454-0405
      E-mail: Thomas.Minser@usdoj.gov
      Attorney for the United States

---

[1] Per this Court's practice standards, generic instructions have not been included.

## INSTRUCTION S1

## EVIDENCE — DIRECT AND CIRCUMSTANTIAL — INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or nonexistence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

10th Circuit Pattern Jury Instructions, No. 1.07 (2021).

1

## INSTRUCTION S2

## EXPERT WITNESS

During the trial you heard the testimony of witnesses who expressed opinions concerning toolmark analysis. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

10th Circuit Pattern Jury Instructions, No. 1.17 (2021).

## INSTRUCTION S3

## ON OR ABOUT

You will note that the indictment charges that the crime was committed on or about October 19, 2020. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near October 19, 2020.

10th Circuit Pattern Jury Instructions, No. 1.18 (2021).

## INSTRUCTION S4

## CAUTION — CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crimes charged.

10th Circuit Pattern Jury Instructions, No. 1.19 (2021).

## INSTRUCTION S5

## THE INDICTMENT

The Indictment reads in relevant part, as follows:

## COUNT 1

On or about October 19, 2020, in the State and District of Colorado, the defendant, JOSEPH GAYE, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

# INSTRUCTION S6

## POSSESSION OF A FIREARM BY A CONVICTED FELON – 18 U.S.C. § 922(g)(1)

The defendant is charged in Count 1 with a violation of 18 U.S.C. § 922(g)(1).

This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm, in or affecting interstate or foreign commerce.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly possessed a firearm;

*Second*: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm;

*Third*: at the time the defendant possessed the firearm, the defendant knew that he had been convicted of a felony offense; and

*Fourth*: before the defendant possessed the firearm, the firearm had moved at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

10th Circuit Pattern Jury Instructions, No. 2.44 (2021) as modified by *Rehaif v. United States*, 588 U.S. ——, 139 S. Ct. 2191 (2019).

## INSTRUCTION S7

## INTERSTATE AND FOREIGN COMMERCE-DEFINED

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

10th Circuit Pattern Jury Instructions, No. 1.39 (2021) (modified).

# INSTRUCTION S8

## ACTUAL OR CONSTRUCTIVE POSSESSION

The law recognizes two kinds of possession: actual and constructive possession.

Actual possession occurs when a person knowingly has direct control over an object or thing, at a given time.

A person who, although not in actual possession, knowingly has the power and intent at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

More than one person can be in possession of an object if each knows of its presence and has the power and intent to control it.

In the situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer power and intent to exercise control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between the particular defendant and the object demonstrating the power and intent to exercise control over the object.

10th Circuit Pattern Jury Instructions, No. 1.31 (2021) (modified).

## INSTRUCTION S9

## KNOWINGLY

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

10th Circuit Pattern Jury Instructions, No. 1.37 (2021) (modified).