# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Criminal Case No. 21-cr-015-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JOSEPH GAYE,

     Defendant.

*Final Set of jury Instructions read to jury WJM 9 Nov 2022 9:56*

---

## FINAL JURY INSTRUCTIONS

---

### PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the

jury room, so you need not take notes.[1]

---

[1] Tenth Circuit Criminal Pattern Jury Instructions § 1.03 (2021).

## **DUTY TO FOLLOW INSTRUCTIONS**

In reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it  to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.[2]

---

[2] Tenth Circuit Criminal Pattern Jury Instructions § 1.04 (2021).

### EVIDENCE—DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence,  and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.[3]

---

[3] Tenth Circuit Criminal Pattern Jury Instructions § 1.06 (2021).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.[4]

---

[4] Tenth Circuit Criminal Pattern Jury Instructions § 1.07 (2021); Stipulated Proposed Jury Instruction No. 1 (ECF No. 70 at 2) (adopted).

## INDICTMENT IS NOT EVIDENCE

The defendant has been charged by the government with violation of a federal law.  The charge against the defendant is contained in the indictment.  The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charge and denies committing the offense.  He is presumed innocent and may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.[5]

---

[5] Fed. Jury Prac. and Instr. § 1.

## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.[6]

---

[6] Tenth Circuit Criminal Pattern Jury Instructions § 1.19 (2021); Stipulated Proposed Jury Instructions No. 4 (ECF No. 70 at 5) (modified).

## BURDEN OF PROOF

The Government has the burden of proving the defendant guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The Government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in this case.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.[7]

---

[7] Tenth Circuit Criminal Pattern Jury Instructions § 1.05 (2021).

## STIPULATIONS

You have heard me say that the parties have stipulated to certain facts.  This agreement makes the presentation of any evidence to prove this fact unnecessary.  The agreement means that you may, but are not required to, accept these facts as true:[8]

1.      Exhibit 1 is a true and accurate recording of a 911 call made by the defendant, Joseph Gaye, on October 19, 2020 at approximately 5:33 p.m.

2.      At the time of its recovery in the District of Colorado, the Sig Sauer semi-automatic pistol contained in Exhibit 7(a), functioned as designed by expelling a projectile by the action of an explosive.

3.      Prior to its recovery by the Denver Police Department in the District of Colorado on October 19, 2020, the Sig Sauer semi-automatic pistol contained in Exhibit 7(a), had moved at some time from one state to another.

4.      The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he allegedly possessed the firearm for which he is charged; and

5.      The defendant knew he was convicted of a felony before he allegedly possessed the firearm for which he is charged.

6.      Denver Police Department Lab Technician Allison Kennedy recovered the bullet contained in Exhibit 10 from the Denver Health Medical Center located at 777 Bannock Street in Denver, Colorado, on October 22, 2020.

7.      The bullet contained in Exhibit 10 is in substantially the same condition as it was on October 22, 2020, when it was recovered from the Denver Health Medical

---

[8] Stipulations (ECF No. 75.)

Center.

## **CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you  as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest  in the outcome in this case?

- Did the witness have any relationship with either the government or the defense?

- Did the witness seem to have a good memory?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.[9]

---

[9] Tenth Circuit Criminal Pattern Jury Instructions § 1.08 (2021).

## NON-TESTIFYING DEFENDANT

The defendant did not testify and I instruct you that you cannot consider his decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify or call any witnesses.  That is a constitutional right in this country, it is very carefully  guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any  witnesses.[10]

---

[10] Tenth Circuit Criminal Pattern Jury Instructions § 1.08.1 (2021).

## DEFENDANT'S PRIOR FELONY CONVICTION

You have heard evidence that the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term of years.  The fact that the defendant has been convicted of another crime does not mean that he committed the crime charged in this case, and you must not use his prior conviction as proof of the crime charged in this case.  You may find him guilty of the crime charged here only if the government has proved beyond a reasonable doubt that he committed it.[11]

---

[11] Tenth Circuit Criminal Pattern Jury Instructions § 1.11 (2021).

**EXPERT WITNESS**

During the trial you heard the testimony of Nathan Von Rentzell, who expressed opinions concerning toolmark analysis.  In some cases,  such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.[12]

---

[12] Tenth Circuit Criminal Pattern Jury Instructions § 1.17 (2021); Stipulated Proposed Jury Instructions No. 2 (ECF No. 70 at 3) (adopted).

## INVESTIGATIVE METHODS OR TECHNIQUES

You have heard testimony as to the manner in which the government conducted its investigation in this case, including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used. In attempting to prove its case, the government is under no obligation to use all of the investigative methods that are available to it or use any particular method. The question is whether the evidence is sufficient to convince you beyond a reasonable doubt of the defendant's guilt.[13]

---

[13] *United States v. Johnson*, 479 F. App'x 811, 817 (10th Cir. 2012); *see also United States v. Jenks*, 714 F. App'x 894 (10th Cir. 2017); *United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014), *abrogated on other grounds by United States v. Mathis*, 136 S. Ct. 2243 (2016); Government's proposed jury instruction (ECF No. 77) (adopted).

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[14]

---

[14] 3 Fed. Jury Prac. & Instr. § 104.54 (5th ed.).

## LAWYERS' OBJECTIONS

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.[15]

---

[15] Sixth Circuit Criminal Pattern Jury Instructions § 1.09.

## PART II: ELEMENTS OF CRIME CHARGED

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  Now I will explain the elements of the crime charged in this case.

## POSSESSION OF A FIREARM BY A CONVICTED FELON – 18 U.S.C. § 922(g)(1)

The defendant is charged in Count 1 with a violation of 18 U.S.C. § 922(g)(1).

This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm, in or affecting interstate or foreign commerce.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly possessed a firearm;

*Second*: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm;

*Third*: at the time the defendant possessed the firearm, the defendant knew that he had been convicted of a felony offense; and

*Fourth*: before the defendant possessed the firearm, the firearm had moved at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.[16]

---

[16] 10th Circuit Pattern Jury Instructions, No. 2.44 (2021) as modified by *Rehaif v. United States*, 588 U.S. ——, 139 S. Ct. 2191 (2019); Stipulated Proposed Jury Instructions No. 6 (ECF No. 70 at 7) (adopted).

## **INTERSTATE AND FOREIGN COMMERCE – DEFINED**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.[17]

---

[17] 10th Circuit Pattern Jury Instructions, No. 1.39 (2021) (modified by parties); Stipulated Proposed Jury Instructions No. 7 (ECF No. 70 at 8) (adopted).

## ACTUAL OR CONSTRUCTIVE POSSESSION

The law recognizes two kinds of possession: actual and constructive possession.

Actual possession occurs when a person knowingly has direct control over an object or thing, at a given time.

A person who, although not in actual possession, knowingly has the power and intent at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

More than one person can be in possession of an object if each knows of its presence and has the power and intent to control it.

In the situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer power and intent to  exercise control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between the particular defendant and the object demonstrating the power and intent to exercise control over the object.[18]

---

[18] 10th Circuit Pattern Jury Instructions, No. 1.31 (2021) (modified by parties); Stipulated Proposed Jury Instructions No. 8 (ECF No. 70 at 9) (adopted).

## **KNOWINGLY**

When the word "knowingly" is used in these instructions, it means that the act

was done voluntarily and intentionally, and not because of mistake or accident.[19]

---

[19] 10th Circuit Pattern Jury Instructions, No. 1.37 (2021) (modified by parties); Stipulated Proposed Jury Instructions No. 9 (ECF No. 70 at 10) (adopted).

## CAUTION—PUNISHMENT

If you find the defendant guilty, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict.[20]

---

[20] Tenth Circuit Criminal Pattern Jury Instructions § 1.20 (2021).

## PART III: DELIBERATION AND VERDICT FORM

That concludes the part of my instructions explaining the law that applies in this case.  Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

## DUTY TO DELIBERATE—VERDICT FORM

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on the single count of the indictment. Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.  You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

**[Explain the Verdict Form]**

26

The foreperson will write the unanimous answer of the jury in the space provided

for ~~each count of the indictment,~~ *Count One* either guilty or not guilty.  At the conclusion of your

deliberations, the foreperson should date and sign the verdict.[21]

_WJM_

---

[21] Tenth Circuit Criminal Pattern Jury Instructions § 1.23 (2021) (modified).

## **COMMUNICATION WITH THE COURT**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.[22]

---

[22] Tenth Circuit Criminal Pattern Jury Instructions § 1.44 (2021).

## PART IV: THE INDICTMENT

The indictment is reproduced below for your convenience.[23]

You will note that the indictment charges that crime was committed on or about October 19, 2020.  The Government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near October 19, 2020.[24]

*The Court:*

Some counts of the indictment may accuse a defendant of violating the same statute in more than one way.  In other words, the indictment may allege that the statute in question was violated by various acts which are in the indictment joined by the conjunctive "and," while the statute and the elements of the offense are stated in the disjunctive, using the word "or."  In these instances, it is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged.  In order for you to return a guilty verdict, however, all twelve of you must agree that the same act has been proven.[25]

Remember, the indictment is not evidence.  You may not rely on anything said in the indictment to find the defendant guilty on any charge, and you must not let the indictment influence your weighing of the evidence.  You are receiving the indictment simply to help you understand what you are deliberating about when you consider each count.

---

[23] Stipulated Proposed Jury Instructions No. 5 (ECF No. 70 at 5) (adopted).

[24] Tenth Circuit Criminal Pattern Jury Instructions § 1.18 (2021); Stipulated Proposed Jury Instruction No. 3 (ECF No. 70 at 4) (adopted).

[25] Fed. R. Crim. P. 7(c), advisory committee notes, n.2 (1944).  *United States v. Iverson*, 818 F.3d 1015, 1026 (10th Cir.), *cert. denied*, 137 S.Ct. 217 (2016).  *See also United States v. Gunther*, 546 F.2d 861, 868-69 (10th Cir. 1976) ("It is hornbook law that crime denounced in a statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive.") (internal citations omitted).

## COUNT 1

On or about October 19, 2020, in the State and District of Colorado, the defendant, JOSEPH GAYE, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).