IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:21-cr-00015-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH GAYE,

    Defendant.

---

**DEFENDANT POST-VERDICT MOTION FOR
JUDGMENT OF ACQUITTAL**

---

Mr. Joseph Gaye, through his court-appointed lawyer John Parras and pursuant to Federal Rule of Criminal Procedure 29, moves the court to set aside the verdict and enter judgment of acquittal, showing more specifically as follows:

I.

In ruling on a post-verdict motion for judgment of acquittal the Court must determine whether, viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001)(citations omitted). The Court "must not weigh conflicting evidence or consider the credibility of the witnesses, but simply determine whether the

evidence, if believed, would establish each element of the crime. *Id.* (cleaned up). If the government has met this standard, it must defer to the jury's verdict. *Id.*

II.

Mr. Gaye specifically challenges the government's evidence regarding knowing possession. The evidence that Mr. Gaye actually or constructively possessed the weapon was insufficient. At most, the government proved that Mr. Gaye was on the receiving end of the weapon's firing, not that he possessed the weapon at the time of its firing nor that he constructively possessed the weapon found in a locked desk drawer in his office.

The following facts, established at trial by government witnesses, establish reasonable doubt; swabs taken of the firearm for DNA analysis were not tested, fingerprint analysis of the firearm and magazine did not establish a connection between Mr. Gaye and the firearm, the government produced no testimony to establish the proximity of the gun to Mr. Gaye when it was fired, the firearm was found in a locked drawer in Mr. Gaye's office with no visible blood on the white papers or beer cans that were laying on top of the firearm; the key to the locked drawer was not on the key ring present in the room and was not located during the search (necessitating that the drawer be forced open during the search), the key to the office was not found on the key ring present in the room and was not located during the search, and Mr. Gaye was taken from the office naked.

There is no evidence that Mr. Gaye actually possessed the weapon. The lack of DNA evidence and fingerprint evidence, together with the lack of evidence regarding the proximity of the gun to Mr. Gaye when it was fired, do not establish that Mr. Gaye actually possessed the weapon at any time.

There is insufficient evidence to establish that Mr. Gaye constructively possessed the firearm. The evidence established that Mr. Gaye did not have access to the locked drawer and that the means of accessing the locked drawer were not present in the office or on Mr. Gaye's person. Additionally, there was testimonial evidence that any number of people had access to the building, and consequently to Mr. Gaye's office, prior to the building's doors locking automatically at 5 pm. There was also testimony that Mr. Gaye's building access code was used twice between 5 and 5:30 pm, the approximate time of the shooting. These facts, established by government witnesses, raised the real possibility that someone, not Mr. Gaye, entered the building with the weapon, intentionally or accidentally fired the weapon striking Mr. Gaye, and then stashed the weapon in the locked drawer, taking the drawer key and office key with them so they could later return to get the weapon.

Viewing the evidence in the light most favorable to the government, neither a rational nor reasonable juror could find beyond a reasonable doubt that Mr. Gaye knowingly possessed the firearm found in the locked drawer in his office. Mr.

Gaye therefor moves for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

Respectfully submitted,

s/ John Parras
John Parras Law Office
PO BOX 202647
Denver, CO 80220
(303) 600-3676
jparras@mac.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2022, the following was served with a true and correct copy of the foregoing as indicated:

1. Mr. Thomas Minser, Assistant United States Attorney,
   by CM/ECF filing and electronic mail to Thomas.Minser@usdoj.gov.
2. Mr. Al Buchman, Assistant United States Attorney,
   by CM/ECF filing and electronic mail to Al.Buchman@usdoj.gov.

s/ John Parras
John Parras