IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  1:21-cr-00015-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JOSEPH GAYE,

    Defendant.

_____

## GOVERNMENT'S SENTENCING STATEMENT
_____

The United States of America, by and through its undersigned Assistant United States Attorney, hereby submits its post-trial sentencing statement pursuant to D.C.COLO.LCrR 32.1(a).[1] Accordingly, for the reasons explained below, the government recommends a sentence of 70 months of imprisonment to be followed by two years of supervised release.

**I.**    **Background**

In February of 2021, the defendant, Joseph Gaye, was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). ECF 1. The indictment specifically alleged:

### COUNT 1

On or about October 19, 2020, in the State and District of Colorado, the defendant, JOSEPH GAYE, knowing he had previously been convicted of a crime punishable

---

[1] The government also reserves the right to respond to any sentencing related motions submitted by the defendant, Joseph Gaye, and/or to the Pre-Sentence Investigation Report submitted by the probation department.

1

by imprisonment for a term exceeding one year, knowingly possessed a firearm in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

Gaye entered a plea of not guilty to the charge and a jury trial commenced on November 7, 2022. During the trial, the government presented the following evidence:

At approximately 5:33 p.m. on October 19, 2020, Joseph Gaye called 911 and reported that a masked assailant had shot him. Members of the Denver Police Department responded to the call within minutes, but had difficulty entering the locked office building where Gaye was located. After several fruitless attempts to gain access with a keycode, police ultimately used a baton to break the building's glass door to enter.

Gaye was located in an office suite he had rented since 2016. He was laying on the floor next to his desk and bleeding profusely from his groin area. There was also blood on the seat of his office chair and the floor near his desk. When a police officer began treating Gaye's injury, he observed a single gunshot wound where the bullet went through his scrotum at close range before entering his upper left leg. Gaye did not give any details of the alleged masked assailant to police, and he was taken by paramedics for emergency treatment. At the hospital, the bullet was removed from his person and then recovered by law enforcement a few days later.

At the same time Gaye was being treated in his office, other officers on scene attempted to locate the alleged masked assailant. However, there were no other individuals in the building and no signs of forced entry. Suspecting there was no masked assailant and that Gaye had shot himself, police obtained a search warrant for his office. During the subsequent search, police discovered a spent shell casing on top of Gaye's

desk, along with an open Bud Light Michelada can. Police also discovered one of the desk's drawers was locked, and after forcing the drawer open, they found two additional cans of Bud Light Michelada, personal items, along with mail addressed to Gaye. And when police looked underneath Gaye's mail, they located a Sig Sauer semi-automatic 9mm pistol with an obliterated serial number and two boxes of 9mm ammunition. The Sig Sauer was capable of holding twelve rounds in its magazine and one round in the chamber. But at the time of its discovery, it was loaded with only eleven rounds in the magazine and one round in the chamber. Moreover, the rounds of ammunition inside of the firearm, were the same brand and caliber as the rounds inside the two ammunition boxes.

The Sig Sauer, the shell casing, and the bullet recovered from Gaye's person at the hospital, were submitted to the Denver Police Crime Laboratory. A firearm-toolmark analysis was conducted, which revealed the Sig Sauer created unique toolmarks that were present on the shell casing and bullet. Thus, it was determined the bullet recovered from Gaye's person and the shell casing discovered on his desk had been fired from the Sig Sauer.

The trial concluded on November 9, 2022, with the jury finding Gaye guilty.

**II.    Sentencing Recommendation**

**A. 18 U.S.C. § 3553(a)(4): The sentencing ranges as set forth in the guidelines**

*COUNT 1: 18 U.S.C. § 922(g)(1)*

1. The base offense level is 20 pursuant to § 2K2.1(a)(4)(A).
2. +4 - Any firearm had an altered or obliterated serial number. § 2K2.1(b)(4)(B).

3

3. The total offense level is 24.

**CRIMINAL HISTORY CATEGORY**

4. Based on information currently available to the government, it is estimated that the defendant's criminal history category is III.

**ADVISORY GUIDELINE RANGE**

5. The total advisory guideline range is 63 to 78 months of imprisonment. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a total range from 51 months (bottom of Category I) to 120 months (statutory maximum) of imprisonment.

6. Pursuant to U.S.S.G. § 5E1.2, the fine range for the offense would be $20,000 to $200,000 plus applicable interest and penalties.

7. Pursuant to § 5D1.2, if a term of supervised release is imposed, that term shall be at least 12 months but not more than 36 months.

**B. 18 U.S.C. § 3553(a)(1): Nature and circumstances of the offense and history and characteristics of the defendant**

In this case, Gaye was unlawfully in possession of a firearm with an obliterated serial number, shot himself with it, and then lied about what occurred. Because of his lie, numerous police officers responded to the scene frantically looking for an armed assailant that did not exist. Unsurprisingly, this is not Gaye's first time being discovered unlawfully in possession with a firearm or facing imprisonment. Fourteen months before Gaye shot himself, he was on probation for unlawful possession of a weapon by a previous offender and felony menacing (Denver County District Court case 2016CR4656). He was initially given the benefit of probation along with suspended prison sentences in the case. But

after an allegation Gaye violated the conditions of his sentence, his supervision was extended six months, and the case was closed in August of 2019.

Prior to that case, Gaye was convicted of possession of a controlled substance (Douglas County District Court case 2006CR852). Although he was initially given the benefit of a community corrections sentence, he failed to comply with the required conditions and was eventually resentenced to five years of imprisonment. Gaye was placed on parole in 2009 but failed to comply with the terms of his release, and it was revoked. The sentence was finally discharged in September of 2011.

Taking all this together, it is clear Gaye knew his actions in this case were illegal and that getting caught could mean imprisonment. Yet, just 14 months after completing his prior sentence for unlawfully possessing a firearm, he was right back at it. Thus, a sentence in the middle of the applicable guideline range is appropriate.

**C. 18 U.S.C. § 3553(a)(2)(A)-(D): The need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

A sentence in the middle of the applicable guideline range is also appropriate when considering deterrence, respect for the law, protection of the public, and the seriousness of the offense. This offense is aggravating. Gaye is a multi-time convicted felon that continues to unlawfully possess firearms. The firearms he keeps not only endanger members of the public but also himself. And his previous sentences have done nothing to deter him. As such, a lengthy sentence is necessary to protect the public, to deter

others from acting in the same manner, and to impress upon Gaye that his conduct is unacceptable and will no longer be met with leniency.

### III. Conclusion

Based upon the above factors, the government recommends a 70 month term of imprisonment to be followed by two years of supervised release. The government believes this disposition, in the middle of the applicable guideline range, is sufficient, but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. § 3553.

Dated:   December 5, 2022

                                     Respectfully submitted,

                                     COLE FINEGAN
                                     United States Attorney

By:   /s/ *Thomas Minser*
      THOMAS MINSER
      Assistant United States Attorney
      1801 California St., Suite 1600
      Denver, Colorado 80202
      Phone:  (303) 454-0203
      Fax:  (303) 454-0405
      E-mail: Thomas.Minser@usdoj.gov
      Attorney for the United States

### CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I electronically filed the foregoing **GOVERNMENT's SENTENCING STATEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                     By: *s/ Deana Ambrosen*
                                     Legal Assistant
                                     United States Attorney's Office