IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  1:21-cr-00015-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH GAYE,

    Defendant.

---

**DEFENDANT'S REPLY REGARDING THE
POST-VERDICT MOTION FOR
JUDGMENT OF ACQUITTAL**

---

    Mr. Joseph Gaye, through his court-appointed lawyer John Parras, filed a post-verdict motion for judgment of acquittal (Dkt. No. 88 ) to which the Government responded, (Dkt. No. 91). Mr. Gaye files this reply, showing more specifically as follows:

I.

    The evidence established that the relevant scene was an office, not a bedroom or apartment. No effort was undertaken by the Government to establish that the leased office space where Mr. Gaye was shot was under the exclusive control of Mr. Gaye. The lease, admitted into evidence, anticipates that the office would have visitors to the space and no effort was made to establish, through

evidence, that Mr. Gaye was the sole employee of the business or that Mr. Gaye excluded the general public from the office. Furthermore, the layout and condition of the office demonstrates that the public, visitors, customers and/or employees or contactors had access to the office space. The evidence established that the building was open to the general public during normal business hours Monday through Friday and the relevant day—October 19, 2020—was a normal business day and the relevant time period, the time Mr. Gaye was shot, was less than a half hour after 5 pm. The evidence established that the office, too, was open to the general public. A business card holder and candy bowl were on the corner of the desk indicating that customers were welcomed into the office. And, emergency responders found the office door open when they approached to render aid. The Government failed to establish, and the evidence does not support, that Mr. Gaye had exclusive control of the office space. For this reason, "exclusive control" alone cannot be used to establish sufficiency as the Government suggests.

## II.

Mr. Gaye agrees that the only issue raised in his motion is his knowing possession of the firearm that injured him. The evidence that Mr. Gaye actually or constructively possessed the weapon was insufficient to support the verdict.

There is no evidence that Mr. Gaye actually possessed the weapon. Importantly, no one testified they had ever seen Mr. Gaye in possession of the Sig

Sauer firearm or any firearm leading up to the time he was injured. Aside from presenting evidence that he was shot with the Sig Sauer, the Government failed to present any evidence that Mr. Gaye possessed the weapon at any time prior to it firing the shot that injured him.

There is insufficient evidence that Mr. Gaye possessed the Sig Sauer at the time it fired. There was no evidence to establish the gun's proximity at the time of its firing, no evidence regarding gunshot residue on Mr. Gaye's hand(s), and no evidence to tie Mr. Gaye to the gun, the magazine, or the ammunition, such as fingerprint evidence, DNA evidence, or trace material evidence.

As previously argued, there is also insufficient evidence to establish that Mr. Gaye constructively possessed the firearm. The Government presented no evidence that Mr. Gaye had access to the locked drawer subsequent to being shot with the Sig Sauer found therein. And, there is no evidence that the gun was present in the drawer prior to Mr. Gaye being shot. There is no evidence that the means of accessing the locked drawer were present in the office or on Mr. Gaye's person. This, coupled with the lack of any evidence that Mr. Gaye possessed any weapon prior to being shot or at the time of the weapon's firing, fails to establish that Mr. Gaye ever had possession of the weapon found in the locked drawer.

Viewing the evidence in the light most favorable to the Government, neither a rational nor reasonable juror could find beyond a reasonable doubt that Mr. Gaye

knowingly possessed the firearm that injured him.

Mr. Gaye prays the Court grant his motion for acquittal.

                        Respectfully submitted,

                        s/ John Parras
                        John Parras Law Office
                        PO BOX 202647
                        Denver, CO 80220
                        (303) 600-3676
                        jparras@mac.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2022, the following was served with a true and correct copy of the foregoing as indicated:

1. Mr. Thomas Minser, Assistant United States Attorney,

    by CM/ECF filing and electronic mail to Thomas.Minser@usdoj.gov.

2. Mr. Al Buchman, Assistant United States Attorney,

    by CM/ECF filing and electronic mail to Al.Buchman@usdoj.gov.

                        s/ John Parras
                        John Parras