IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 21-cr-015-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JOSEPH GAYE,

    Defendant.

---

### ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

---

The Government charged Defendant Joseph Gaye with one count of unlawful possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) On November 9, 2022, a jury found Gaye guilty on the single count. (ECF No. 82.)

Before the Court is Gaye's Post-Verdict Motion for Judgment of Acquittal ("Motion"), filed on November 23, 2022. (ECF No. 88.) On December 19, 2022, the Government filed its response. (ECF No. 91.) On December 29, 2022, Gaye filed his reply. (ECF No. 93.)

For the reasons set forth herein, the Motion is denied.

### I. LEGAL STANDARD

"[T]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A defendant may move for a judgment of acquittal, or renew such a motion,

within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).  Gaye filed his Motion on November 23, 2022, 14 days after the November 9, 2022 guilty verdict.  (ECF No. 82.)  His Motion is therefore timely.

In considering a motion for judgment of acquittal pursuant to Rule 29, the Court cannot weigh the evidence or consider the credibility of witnesses.  *See Burks v. United States*, 437 U.S. 1, 16 (1978).  Rather, the Court must "view the evidence in the light most favorable to the government and then determine whether there is sufficient evidence from which a jury might properly find the accused guilty beyond a reasonable doubt."  *United States v. White*, 673 F.2d 299, 301 (10th Cir. 1982).  The jury may base its verdict on both direct and circumstantial evidence, together with all reasonable inferences that could be drawn therefrom, in the light most favorable to the government.  *See United States v. Hooks*, 780 F.2d 1526, 1531 (10th Cir. 1986).  Acquittal is proper only if the evidence implicating the defendant is nonexistent or is "so meager that no reasonable jury could find guilt beyond a reasonable doubt."  *White*, 673 F.2d at 301.

## II. ANALYSIS

In his three-page Motion, Gaye argues that the Government failed to put on sufficient evidence at trial that he actually or constructively possessed the weapon. (ECF No. 98 at 2.)  Instead, he argues that at most, the Government proved that Gaye was on the receiving end of the weapon's firing, not that he possessed the weapon at the time of its firing or constructively possessed the weapon found in a locked desk drawer in his office.  (*Id.*)  He lists numerous facts that he argues establish reasonable doubt, including:

> swabs taken of the firearm for DNA analysis were not tested, fingerprint analysis of the firearm and magazine did not

> establish a connection between Mr. Gaye and the firearm, the government produced no testimony to establish the proximity of the gun to Mr. Gaye when it was fired, the firearm was found in a locked drawer in Mr. Gaye's office with no visible blood on the white papers or beer cans that were laying on top of the firearm; the key to the locked drawer was not on the key ring present in the room and was not located during the search (necessitating that the drawer be forced open during the search), the key to the office was not found on the key ring present in the room and was not located during the search, and Mr. Gaye was taken from the office naked.

(*Id.*)

Gaye asserts that there is no evidence linking him to the firearm found in his desk and, as he did at trial, blames its presence on someone else entering the building with the weapon, shooting him, stashing the weapon in the locked drawer, and taking the drawer and office key with them so they could later return and retrieve the weapon. (*Id.* at 3.)

Having reviewed Gaye's arguments and the Government's response, the Court easily concludes that there was sufficient evidence from which the jury found Gaye guilty beyond a reasonable doubt. Here, the Sig Sauer semi-automatic 9mm pistol with an obliterated serial number was discovered alongside two boxes of 9mm ammunition inside a locked drawer of a desk belonging Gaye. The firearm and boxes of ammunition were hidden underneath multiple pieces of mail addressed to Gaye, and the desk itself was located within an office suite that Gaye had been renting since 2016. Among other things, Gaye's exclusive control over the office and desk was sufficient evidence from which the jury could have properly found Gaye guilty beyond a reasonable doubt. *See United States v. Hishaw*, 235 F.3d 565, 571 (10th Cir. 2000) ("In most cases, the defendant's dominion, control, and knowledge may be inferred if he has exclusive

possession of the premises on which the object was found."); *see also United States v. Little*, 829 F.3d 1177, 1183 (10th Cir. 2016) (holding "[w]hen a gun is found in a defendant's bedroom . . . it would not be improper for the jury to infer that the defendant had both knowledge of the firearm and an intent to exercise dominion and control over it merely from its presence in the bedroom.").

Additionally, the Government presented significant evidence that Gaye shot himself with the Sig Sauer, which also provides a basis for the jury's verdict that he knowingly possessed the firearm.

The Court also agrees with the Government's assertion that Gaye's argument that the evidence at trial "raised the real possibility" that he did not knowingly and intentionally possess the firearm is legally insufficient. (ECF No. 88 at 3; ECF 91 at 5.) Acquittal is proper only if the evidence implicating the defendant is nonexistent or is "so meager that no reasonable jury could find guilt beyond a reasonable doubt." *White*, 673 F.2d at 301.

Finally, the Government correctly emphasizes that Gaye omits "important context" concerning the evidence he argues supports a reversal of the verdict. (ECF No. 91 at 5–6.) Although there was no blood found on the firearm or other items in the locked drawer in Gaye's office, there was a great deal of blood on the ground immediately adjacent to the locked drawer. (*Id.*) The Government's witness from the Denver Police Crime Laboratory, a forensic scientist, explained that it is not unusual to recover no fingerprints from the surface of a gun. (*Id.* at 6.) With respect to the missing key to the locked drawer, law enforcement officers explained that due to the tremendous clutter in the office, there were likely several unsearched locations within

the office that might have held the key. Finally, the use of Gaye's access code prior to the 911 call was additional evidence that Gaye shot himself, because there was no indication anyone other than Gaye accessed the building with the code; further, the property manager noted that tenants were advised not to give their code to others. (*Id.*)

Taking the evidence in the light most favorable to the Government, as the Court must under Rule 29, the Court finds that a reasonable jury could find Gaye guilty beyond a reasonable doubt. Therefore, the Motion is denied.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS that Defendant's Post-Verdict Motion for Judgment of Acquittal (ECF No. 88) is DENIED.

Dated this 26th day of April, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge